1  Richard Morin (SBN 285275)
   Law Office of Rick Morin, PC
2  555 Capitol Mall Suite 750
   Sacramento, CA 95814-4508
3  Phone: (916) 333-2222
4  Fax: (916) 273-8956
   Email: legal@rickmorin.net
5
6  Attorney for Plaintiffs

7

8              **UNITED STATES DISTRICT COURT**
9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  Valorie Anne Smart, David Waterstram        Case No.
    Miller, and Angela Lynn Miller, individually
12  and on behalf of all others similarly situated,   **CLASS ACTION COMPLAINT FOR**
                                                       **DAMAGES**
13              Plaintiffs,
                                                       **Jury Trial Demanded**
14        v.

15

16  Equifax Inc.; Equifax Information Services
    LLC; and Does 1-10,
17
                Defendants.
18

19        Plaintiffs Valorie Anne Smart, David Waterstram Miller, and Angela Lynn Miller, individually

20  and on behalf of all others similarly situated ("Plaintiffs"), complain of defendants Equifax Inc.;

21  Equifax Information Services LLC; and Does 1 to 10 ("Defendants"), and allege as follows:

22                              **INTRODUCTION**

23        1.     Defendants harvest massive amounts of consumer data for sale and use by its partners

24  and customers. While obtaining, exploiting, and selling sensitive consumer data is Defendants'

25  business, Defendants admitted in September of 2017 that hackers were able to penetrate Defendants'

26  computer systems to steal consumer information belonging to over 140 million Americans.

27  Outrageously, Defendants only warned the public of this unprecedented breach two months after the

28  theft was allegedly discovered. During this time, consumers' data was unnecessarily exposed. In fact,

1  Defendants left consumers in the dark regarding potential risks and steps that they could take to protect
2  themselves from Defendants' negligence. For two whole months, Defendants willfully disregarded the
3  risk to consumers that their data was in the hands of nefarious actors. Defendants' negligence has, and
4  will cause, harm to countless California consumers, some of which likely already suffered harm from
5  the theft. Consumers have had enough of large businesses carelessly handling confidential personal
6  information and profiting from that same data.

### PARTIES

8  2.   Plaintiff Valorie Anne Smart is an adult resident of Sacramento County, California.

9  3.   Plaintiff David Waterstram Miller is an adult resident of Sacramento County, California

10  4.   Plaintiff Angela Lynn Miller is an adult resident of Sacramento County, California.

11  5.   Defendant Equifax Inc. is a Georgia Corporation with its principal place of business in
12  Atlanta, Georgia.

13  6.   Defendant Equifax Information Services LLC is a Georgia Limited Liability Company
14  with its principal place of business in Atlanta, Georgia.

15  7.   Plaintiffs do not know the true names of Doe Defendants, their business capacities, their
16  ownership connection to the business, or their relative responsibilities in causing the harm complained
17  of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiffs are informed
18  and believe that each Defendant herein, including Does 1 to 10, is responsible in some capacity for the
19  events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiffs will seek leave
20  to amend when the true names, capacities, connections, and responsibilities of the Does 1 to 10 are
21  ascertained.

### JURISDICTION

23  8.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the
24  parties are citizens of different states and the amount in controversy exceeds $100,000,000.

25  9.   This Court has personal jurisdiction over Defendants because each conducts business in
26  California, intentionally avails itself of the markets and benefits of California through its marketing
27  and sales of the products at issue in California so as to render the exercise of jurisdiction by this Court
28  consistent with traditional notions of fair play and substantial justice, and a substantial part of the acts

LAW OFFICE OF RICK MORIN

and omissions giving rise to the claims occurred within California.

## VENUE

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the acts described herein have impacted residents of this district and Defendants have done and continue to do business, and intentionally avail themselves of the markets within this district.

## FACTUAL ALLEGATIONS

11.     Plaintiffs file this complaint on behalf of over an estimated 20 million consumers located in the State of California that have been harmed by Defendants' negligence.

12.     Specifically, Defendants have admitted that they have negligently allowed hackers to steal confidential consumer data for over 140 million consumers throughout the country, including, but not limited to, names, addresses, social security numbers, driver's license numbers, and in some cases, credit card numbers. Plaintiffs are informed and believe, and on that basis allege, that a large number of these consumers are located in the State of California.

13.     Plaintiffs' data was stolen by alleged criminals using an online service owned and operated by Defendants that Defendants failed to adequately protect, harden, and secure against unauthorized access. Plaintiffs are informed and believe, and on that basis allege, that Defendants had the technical means to protect their confidential consumer information, but failed to do so.

14.     Defendants owed California consumers a legal duty to use reasonable care to protect their valuable personal information from unauthorized access from third parties. It was reasonably foreseeable that the failure to protect consumer information would cause serious harm, including identity theft, to California consumers.

15.     Despite knowing about this data breach in June and July of 2017, Defendants waited until September of 2017 to notify California consumers of the data breach.

16.     Defendants negligently failed to maintain their computer systems to prevent unauthorized access to confidential consumer data. Defendants knew, or should have known, that their lackadaisical approach to computer security would result in harm to consumers.

17.     Plaintiffs have been damaged by Defendants negligence.

//

CLASS ACTION COMPLAINT FOR DAMAGES

**CLASS ALLEGATIONS**

18.    Plaintiffs file this Complaint on behalf of themselves and all other similarly situated consumers in the State of California. The similarly situated consumers are known to Defendants and are readily identifiable and locatable through Defendants' own records. The Class that Plaintiffs seek to represent is defined as follows:

> All California consumers that had personally identifiable information, including, but not limited to, name, address, driver's license number, or social security number, collected and stored by Defendants in the past year, and who were subject to risk of data loss, credit harm, or identity theft, or had to pay for credit monitoring services, as a result of Defendants' data breach that occurred in May to July of 2017.

19.    Excluded from this proposed class are all attorneys for the class, officers and members of Defendants, including officers and members of any entity with an ownership interest in Defendants, any judge who sits on this case, and all jurors and alternate jurors who sit on this case.

20.    The exact number of aggrieved consumers in California can easily be determined because Defendants, as data brokers, know the identities and locations of all consumers that were involved in the 2017 data breach.

21.    Each aggrieved consumer suffered injuries as alleged in this complaint, and these injuries were directly and proximately caused by Defendants' negligent failure to adequately protect its databases from unauthorized access.

22.    The proposed class is so numerous that joinder is impracticable. Plaintiffs are informed and believe, and on that basis allege, that the proposed class includes millions of California consumers based upon Defendants' estimate that the 2017 data breach affected over 140 million consumers throughout the country.

23.    Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether Equifax acted negligently and whether Plaintiffs are entitled to damages.

24.    Plaintiffs will fairly and adequately protect and represent the interests of the class

CLASS ACTION COMPLAINT FOR DAMAGES

because their claims are typical of the claims of the proposed class, they are represented by a qualified and competent consumer protection law firm, and they will vigorously prosecute this litigation for the benefit of aggrieved California consumers. Finally, Plaintiffs' interests are not antagonistic or in conflict with the interests of the proposed class.

## FIRST CAUSE OF ACTION

## (NEGLIGENCE AGAINST ALL DEFENDANTS)

25.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

26.     Defendants voluntarily acquired sensitive and confidential information belonging to Plaintiffs and the putative class.

27.     As a mass repository of sensitive consumer data, Defendants owed Plaintiffs a duty of care to reasonably protect the sensitive consumer data from unauthorized access by third parties.

28.     Defendants breached their legal duty by failing to maintain adequate safeguards.

29.     Defendants' technical safeguards, if any, fell well below the standard of care.

30.     Defendants' negligence directly and proximately caused a foreseeable risk of data loss, credit harm, an identity theft, along with other economic losses, in an amount to be proven at trial.

## PRAYER

WHEREFORE, Plaintiffs pray that this Court:

1.     Certify this matter as a class action;

2.     Award judgment to Plaintiffs, and each of them;

3.     Award damages in an amount to be proven at trial;

4.     Award costs of suit herein; and

5.     Issue orders or further relief as the Court may deem just and proper.


DATED:     September 8, 2017          Law Office of Rick Morin, PC


_____
By: Richard Morin
Attorney for Plaintiffs

CLASS ACTION COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all claims for which a jury is permitted.

DATED:          September 8, 2017                    Law Office of Rick Morin, PC

_____
By: Richard Morin
Attorney for Plaintiffs

CLASS ACTION COMPLAINT FOR DAMAGES